UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON GENTRAS #129938 | CIVIL ACTION |
| versus | NO. 06-3819 |
| BURL CAIN, WARDEN | SECTION: "N" (1) |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Aaron Gentras, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 17, 1998, he was convicted of possession of cocaine in violation of La.Rev.Stat.Ann. § 40:967.[2] On August 7, 1998, he was found to be a fourth offender and was sentenced as such to a term of fifty years imprisonment without benefit of probation or suspension of sentence.[3] On March 30, 1999, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and enhanced sentence.[4] He then filed with the Louisiana Supreme Court a related writ application which was denied on October 15, 1999.[5]

On July 31, 2003, petitioner filed with the state district court an application for post-conviction relief [6] which was denied as untimely on August 5, 2003.[7] On September 11, 2003, the Louisiana Fifth Circuit Court of Appeal found "no error" with respect to that ruling.[8] Petitioner then

---

[2] State Rec., Vol. I of V, transcript of March 17, 1998, p. 106; State Rec., Vol. I of V, minute entry dated March 17, 1998; State Rec., Vol. I of V, jury verdict form.

[3] State Rec., Vol. I of V, transcript of August 7, 1998; State Rec., Vol. I of V, minute entry dated August 7, 1998.

[4] State v. Gentras, 733 So.2d 113 (La. App. 5th Cir. 1999) (No. 98-KA-1095); State Rec., Vol. III of V.

[5] State v. Gentras, 748 So.2d 464 (La. 1999) (No. 99-KO-1302); State Rec., Vol. II of V.

[6] State Rec., Vol. II of V.

[7] State Rec., Vol. II of V, Order dated August 5, 2003.

[8] State ex rel. Gentras v. Cain, No. 03-KH-1061 (La. App. 5th Cir. Sept. 11, 2003) (unpublished); State Rec., Vol. II of V.

filed with the Louisiana Supreme Court an application for a writ of certiorari and review[9] which was denied on November 8, 2004.[10]

On June 7, 2005, petitioner filed another post-conviction application with the state district court, which he later amended on June 10, 2005.[11] That application was denied on July 20, 2005.[12] On August 23, 2005, the Louisiana Fifth Circuit Court of Appeal found "no error" with respect to that ruling,[13] and the Louisiana Supreme Court likewise denied the related writ application[14] on June 16, 2006.[15]

On July 13, 2006, petitioner filed this federal application for *habeas corpus* relief.[16] The state contends that petitioner's federal application should be dismissed as untimely.[17] For the following reasons, this Court agrees.

---

[9] State Rec., Vol. V of V.

[10] State *ex rel.* Gentras v. State, 885 So.2d 1126 (La. 2004) (No. 2003-KH-2734); State Rec., Vol. V of V.

[11] State Rec., Vol. III of V.

[12] State Rec., Vol. V of V, Order dated July 20, 2005.

[13] State *ex rel.* Gentras v. Cain, No. 05-KH-815 (La. App. 5th Cir. Aug. 23, 2005) (unpublished); State Rec., Vol. V of V.

[14] State Rec., Vol. V of V.

[15] State *ex rel.* Gentras v. State, 929 So.2d 1279 (La. 2006) (No. 2006-KH-0066); State Rec., Vol. V of V.

[16] Rec. Doc. 1.

[17] Rec. Doc. 8, pp. 8-12.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state argues that § 2244(d)(1)(A) applies in the instant case and, under that provision, petitioner's federal application is clearly untimely. As noted, that subsection provides that the statute of limitations commences upon the expiration of petitioner's time for seeking direct review of his conviction and sentence. In this case, on October 15, 1999, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction, habitual offender adjudication, and enhanced sentence. For AEDPA purposes, his conviction and sentence became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v.

Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[18]  Accordingly, if § 2244(d)(1)(A) is applicable, as the state contends, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on January 13, 2000, and expired one year later on January 15, 2001,[19] unless that deadline was extended through tolling.

---

[18] The state argues that the statute of limitations commenced earlier because petitioner's writ application in case number 99-KO-1302 was untimely filed with the Louisiana Supreme Court. However, the record fails to establish that fact.
   Louisiana Supreme Court Rule X, § 5(a) provides in pertinent part:

> An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ....

On March 30, 1999, the Louisiana Fifth Circuit Court of Appeal issued its judgment affirming petitioner's conviction, habitual offender adjudication, and enhanced sentence. The state notes that petitioner's application was received by the Louisiana Supreme Court more than thirty days later on May 5, 1999.  State Rec., Vol. II of V, letter to petitioner from the Clerk of the Louisiana Supreme Court dated May 5, 1999.  However, because petitioner must be given credit for the state "mailbox rule," his writ application is considered to have been filed when it was given to prison officials for mailing.  See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).  There is no evidence as to when that occurred.  Moreover, attached to petitioner's federal application as Exhibit D is what he purports is a copy of that writ application which is dated April 20, 1999, well within the thirty-day period.

[19] Because January 13, 2001, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, January 15.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no applications for post-conviction relief or other collateral review pending before any state court at any time between January 13, 2000, and January 15, 2001.[20]

The Court next considers equitable tolling. The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 15, 2001, if §

---

[20] The Court notes that petitioner subsequently filed a post-conviction applications in 2003 and 2005, years *after* the expiration of the AEDPA's one-year statute of limitations. However, such applications filed after the expiration of the statute of limitations have no bearing on the timeliness of a petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

2244(d)(1)(A) is applicable as the state contends. Petitioner's federal application was not filed until July 13, 2006.[21]

Apparently anticipating the state's argument, petitioner expressly contends in his petition that § 2244(d)(1)(D) is applicable in this case. As noted, § 2244(d)(1)(D) delays the commencement of the AEDPA's statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues that the factual predicate of the claims asserted in his federal application is the fact that the motel room where was arrested was rented not by him, as the state argued at trial, but rather by Emma Lee, one of his co-defendants. He further argues that he did not learn of that fact until 2005 when Lee executed an affidavit so stating in response to an inquiry by petitioner's inmate counsel.[22]

Petitioner's contention regarding Lee has no merit. If petitioner did not rent the motel room as the state argued at trial, he must have been aware of that fact all along. Moreover, to the extent that he is arguing that he did not know until 2005 that it was *Lee* who rented the room, that is of no consequence. As noted, under subsection (D), the statute of limitations runs not from when the factual predicate *was in fact discovered,* but rather from the point in time at which it *"could have been discovered through the exercise of due diligence."* 28 U.S.C. § 2244(d)(1)(D) (emphasis

---

[21] Petitioner signed his application on July 13, 2006. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[22] Rec. Doc. 1, supporting memorandum, pp. 1-2.

added). The identity of the person who rented the room could have been discovered at *any* time, including *prior* to trial, if petitioner or his counsel had thought that fact was important and simply investigated that issue. The fact that petitioner waited for several years after his conviction to begin such an investigation does not allow him to "restart" the statute of limitations by citing § 2244(d)(1)(D).[23] Likewise, the fact that he did not have in hand Lee's affidavit until 2005 is of no consequence. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) (subsection (D) does not convey a statutory right to an extended delay for the gathering of evidence in support of a claim).[24]

In summary, the Court rejects petitioner's contention that subsection (D) applies due to his belated discovery of the fact that it was Lee who actually rented the motel room. Moreover, petitioner does not argue that subsections (B) or (C) apply, and this Court finds that they clearly do

---

[23] The Court notes that petitioner has filed a traverse in which he argues that he was diligently trying to procure that information "for a substantial period of time" by writing to Lee and the owner and manager of the motel. Rec. Doc. 9. Even if the Court were to believe that the documents attached to the traverse are authentic, they are of no consequence. The earliest such letter is the one to Lee dated November 2, 2001, a date years after petitioner's conviction. Petitioner certainly did not pursue his investigation into this matter with "due diligence."

[24] The Court also notes that one of petitioner's claims herein is that the Louisiana Fifth Circuit Court of Appeal denied him a "fair and impartial" review of his post-conviction claims. Petitioner does not argue that the intermediate appellate court's decision serves as the factual predicate for his claim. Nevertheless, out of an abundance of caution, this Court notes that a state court decision in a petitioner's case cannot serve as the "factual predicate" for his claim. Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000).

not.[25]   Accordingly, subsection (A) is applicable, and, for the reasons previously set forth, petitioner's federal application is clearly untimely under that subsection.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Aaron Gentras be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of December, 2006.



                                    **SALLY SHUSHAN**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[25] As to subsection (B), there is no allegation whatsoever that petitioner's ability to file a post-conviction application was impeded by any action of the State.  Subsection (C), which delays the commencement of the statute of limitations where petitioner's claims involve a newly recognized constitutional right, is likewise inapplicable in that petitioner's claims involve no such newly recognized right.